949 F.2d 403
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edwin R. LAPEDIS, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 91-3308.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1991.
 
 Before RICH, ARCHER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Edwin R. Lapedis (Lapedis) appeals from the March 20, 1991 Order of the Merit Systems Protection Board (Board), Docket No. DE122190W0421, affirming as modified the October 10, 1990 Initial Decision of the Administrative Judge (AJ) dismissing Lapedis' appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 The Board concurred in the AJ's determination that the instant appeal is based generally on the same facts and relates to the same reassignments as Lapedis' earlier appeal. Lapedis has not shown this determination to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. See 5 USC 7703(c).
 
 
 3
 Lapedis' earlier appeal was withdrawn at his own request. By analogy to Fed.R.Civ.P. 41(a)(1), Lapedis argues that his voluntary withdrawal should be construed as a dismissal without prejudice to refiling on a timely basis. We disagree. The Merit Systems Protection Board (MSPB) is not a federal district court, and thus MSPB appeals are not governed by the Federal Rules of Civil Procedure. See Phillips v. Dep't of Health, Educ. and Welfare, 2 MSPR 315, 316 (1980). An MSPB appellant's withdrawal of an appeal will be given effect, and, in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because an appellant subsequently wishes to proceed before the Board. Dixon v. Office of Personnel Management, 44 MSPR 331, 335 (1990). We see no error in the Board's determination that Lapedis has not alleged any such unusual circumstances.
 
 
 4
 Lastly, we note that Lapedis (through his attorney) was aware as of June 1, 1990 that the desired settlement with the agency would not be reached. Additionally, on June 4, 1990, Lapedis was sent a decision of the Office of Special Counsel finding insufficient evidence to support his claim of reprisal. Yet Lapedis took no steps to petition for review of the May 14, 1990 Initial Decision dismissing his earlier appeal before it became final on June 18, 1990. Lapedis' failure to seek full Board review at that time further supports the Board's determination that no basis exists for invalidating the withdrawal of the earlier appeal.